IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Albinus Joseph, # 147764,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>~~Mail Room Personnel~~, Miss Deverle Albert ~~and~~<br>~~Insurance Company~~,<br><br>　　　　　　Defendant. | C/A No. 8:14-4720-RMG-JDA<br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　Marcus Albinus Joseph ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Kirkland Correctional Institution ("Kirkland"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

　　　　Plaintiff originally filed suit against mail room personnel, Miss D. Albert, and insurance company. [Doc. 1 at 1–2.] After this Court entered a Proper Form Order in this action [Doc. 8], Plaintiff notified the Court that he intends to sue only Miss Deverle Albert ("Albert"), the postal director at Kirkland. [Doc. 1-3 at 1.] He alleges that she violated his rights under the First Amendment and violated SCDC policy by refusing to provide legal materials he had requested for the reason that he had no funds in his inmate account. [Doc. 1 at 3.] Specifically, Plaintiff alleges he was confined in lock-up in Unit D, and he completed the proper SCDC form apparently on September 9, 2014, seeking five plain envelopes, two manilla envelopes, and a pen. [*Id.*; Doc. 1-2.] He alleges none of those materials were provided, and the form was returned to him with a note stating "no funds."

[Doc. 1 at 3.] He contends that on the face of the form it states that inmates will be provided legal materials even when they do not have funds in their account, and he attached his form as an exhibit. [*Id.*; Doc. 1-2.] Based on these alleged facts, Plaintiff contends his constitutional rights were violated, and he seeks damages. [Doc. 1 at 3, 5.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal

construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff alleges that his First Amendment right to meaningful access to the courts was violated, he fails to state a cognizable claim.[1]  There is a constitutional right for meaningful access to the courts to bring challenges to sentences or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008).  It is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial.  *Lewis*, 518 U.S. at 349–53 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded).  In this case, Plaintiff does not allege any specific facts as to how a pending non-frivolous legal case, or any other contemplated non-frivolous legal matter, was adversely affected due to Albert's denying Plaintiff envelopes and a pen on that occasion.  Therefore, Plaintiff fails to state a claim on which relief may be granted.

### **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

---

[1] Plaintiff's alleged violation of the SCDC policy also does not state a cognizable § 1983 claim.  *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (finding that violations of prison rules which fail to reach the level of a constitutional violation are not actionable under § 1983); *Johnson v. S.C. Dep't of Corr.*, C/A No. 3:06-2062-CMC-JRM, 2007 WL 904826, *12 (D.S.C. March 21, 2007) (noting that the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation).

they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

March 16, 2015                                                    s/Jacquelyn D. Austin
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).